IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Global Home Products LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 06-10340 (KG)<br>(Jointly Administered) |
| Regal Ware, Inc.,<br><br>                 Appellant,<br>v.<br><br>Global Home Products LLC, et al.,<br><br>                 Appellees. | **Related Docket Nos. 673 and 755** |

**APPELLEES' OBJECTION TO APPELLANT'S**
**DESIGNATION OF ISSUES ON APPEAL**

Dated: September 18, 2006

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Bruce Grohsgal (Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel to Debtors, Global Home Products LLC, et al.

---

[1] The Debtors are the following entities: Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico, Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico, Inc.; Mirro Operating Company LLC.

The above-captioned debtors and debtors-in-possession are the appellees (the "Debtors" or the "Appellees") in the above-captioned appeal (the "Appeal").[2] Appellees object to the above-captioned appellant's (the "Appellant") designation of issues ("Appellant's Designation") with respect to the Appellant's appeal (the "Appeal") from that certain final Order (the "Sale Order") granting the *Motion of Debtors for the Entry of an Order (I) Approving Sale by the WearEver Debtors of Substantially All of WearEver Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b)(f) and (m) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Sale Motion"). Appellant's Appeal has been filed solely with respect to the assumption and assignment of that certain exclusive *Trademark Sublicense Agreement* between Newell Operating Company and Mirro Operating Company LLC (the "Sublicense Agreement") to Group SEB USA ("SEB") pursuant to the Sale Order. The Sale Order was entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on August 14, 2006 following a hearing on the Sale Motion on August 8, 2006 (the "Sale Hearing").[3]

---

[2] Bankruptcy Rule 8006 states, in relevant part:

> [W]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on appellee a designation of the items to be included in the record of appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006.

The Debtors reserve any and all rights to seek dismissal of the Appeal on this ground and for any other appropriate ground(s).

[3] The sale approved by the Bankruptcy Court pursuant to the Sale Order, including the assumption and assignment of the Sublicense Agreement which is the subject of the Appeal, has closed and the assumption and assignment of the Sublicense Agreement has been effected. Accordingly, the Debtors submit that the Appeal is moot.

### The Only Issue on Appeal Is Whether the Bankruptcy Court Correctly Concluded that, as a Legal Matter, the Exclusive Sublicense Agreement Could be Assumed to SEB

Although Appellant's Designation acknowledges that the Bankruptcy Court did not make any finding of fact with respect to whether Appellant's withholding of its consent with respect to the assignment of the Sublicense Agreement to SEB was unreasonable under the circumstances, Appellant has nonetheless included this issue as an issue on appeal for this Court to adjudicate. Because the Bankruptcy Court made no factual finding with respect to the issue of Appellant's unreasonable withholding of its consent with respect to the assumption of the Sublicense Agreement, this issue is not before this Court on Appeal.

As set forth on the transcript of the Sale Hearing, the Bankruptcy Court stated as follows:

> Having found that the license is assignable, the Court *need not reach the issue of whether or not Regal Ware's refusal to consent to the assignment was reasonable.* But notes that the testimony that there were no circumstances under which Regal Ware would consent to the assignment to SEB may be an unreasonable withholding of consent.

Transcript of Sale Hearing, page 284-85, lines 21 through 1 (emphasis added); (Appellant's Designation, Bankruptcy Docket 665).

In addition, the Sale Order provides:

> The Court does not need to decide the issue of whether Regal's consent to the assumption and assignment of the Sale Order was unreasonably withheld, but the testimony on the record of the Sale Hearing provides that Regal's refusal to consent to the Sublicense Agreement, under the circumstances, may have been unreasonable.

Sale Order, Page 6 at ¶Q; (Appellant's Designation, Bankruptcy Docket 664).

3

Because the Bankruptcy Court made no definitive finding of fact with respect to whether Appellant's refusal to consent to the assignment of the Sublicense Agreement was unreasonable (rather finding that the evidence may support such a funding), this issue is not presently before this Court with respect to the Appeal.

Dated:  September 18, 2006

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Bruce Grohsgal (Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszyjw.com
          dbertenthal@pszyjw.com
          bgrohsgal@pszyjw.com
          jfried@pszyjw.com
          sselzer@pszyjw.com

Counsel to Debtors, Global Home Products LLC, et al.