IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - X
REGAL WARE, INC.,                :
                                 :
            Appellant,           :
                                 :
      v.                         :   Case No. 1:06-cv-00588 (JJF)
                                 :
SEB S.A., GROUPE SEB USA,        :
and GLOBAL HOME PRODUCTS         :
LLC, et al.,                     :
                                 :
            Appellees.           :
- - - - - - - - - - - - - - - - X
In re:                           :
                                 :   Chapter 11
GLOBAL HOME PRODUCTS LLC,        :
et al.,                          :   Case No. 06-10340 (KG)
                                 :   Jointly Administered
            Debtors.             :
- - - - - - - - - - - - - - - - X
```

**JOINDER OF SEB S.A. AND GROUPE SEB USA TO DEBTORS' MOTION FOR LEAVE OF REQUIREMENTS OF DISTRICT COURT STANDING ORDER DATED JULY 23, 2004 REQUIRING DEBTORS' MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS OF APPEAL**

SEB S.A. and Groupe SEB USA (together, the "Purchasers"), the purchasers of certain assets of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby join the Debtors' Motion for Leave of Requirements of District Court Standing Order Dated July 23, 2004 Requiring Debtors'

1

Mandatory Participation in Mediation Proceedings of Appeal (the "Debtors' Motion").[1]

    1.    The Purchasers agree with the legal arguments and assertions set forth in the Debtors' Motion, hereby join the Debtors' Motion, and reserve all rights to be heard before this Court with regard to the Debtors' Motion.

    2.    The Purchasers believe that mediation in this instance is neither appropriate nor necessary because the appeal involves only the legal issue of whether the Sublicense Agreement, as a matter of law, was properly assigned to the Purchasers.  This Court, in denying Regal's District Court Stay Motion, has already had the opportunity to consider this issue.  In doing so, this Court has agreed with the Bankruptcy Court's legal analysis, and has determined that the Sublicense Agreement was properly assigned to the Purchasers.  See Memorandum Order, at pp. 2-3 ("[T]he Bankruptcy Court correctly concluded that the Sublicense Agreement was not a personal services contract and was freely assignable as an exclusive license that

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Debtors' Motion.

places no restriction on assignments. The Bankruptcy Court's reliance on <u>In re Golden Books</u>, 269 B.R. 311 (D. Del. 2001), and <u>In re Rooster, Inc.</u>, 100 B.R. 228 (Bankr. E.D. Pa. 1989) was not misplaced, and the cases cited by Regal Ware involve non-exclusive licenses or particular circumstances that are different from the circumstances here.").

3. More importantly, the Purchasers believe that this appeal is altogether moot pursuant to 11 U.S.C. § 363(m). Again, this Court has already indicated that it agrees with the Purchasers that Regal's challenge was rendered moot by the closing of the sale to the Purchasers. <u>See</u> Memorandum Order, at p. 2 ("As a result of the closing of the sale, it appears to the Court that Regal Ware's Motions are now moot.").

4. Under these circumstances, the Purchasers believe that this Court is already poised to quickly dispose of this appeal. During the October 6, 2006 pre-mediation scheduling conference, Richard Elliott, Esquire, the mediator assigned to this appeal, postponed the pre-mediation scheduling conference until October 19, 2006 to provide this Court with the opportunity to consider

whether mediation is necessary in this instance.  For the reasons set forth herein, the Purchasers believe that mediation is neither appropriate nor necessary.

WHEREFORE, the Purchasers respectfully request that the Court enter an order (i) granting the relief requested in the Debtors' Motion including granting the parties to the above-captioned appeal relief from the Mediation Order, (ii) authorizing the above-captioned appeal to proceed before this Court without mediation, and (iii) granting the Purchasers such further relief as is just and proper.

Dated:    Wilmington, Delaware
          October 10, 2006

_____
Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Matthew P. Ward (I.D. No. 4471)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Attorneys for SEB S.A. and
Groupe SEB USA

472466.01-Wilmington Server 1A - MSW

**CERTIFICATE OF SERVICE**

I, Mark L. Desgrosseilliers, do hereby certify that on October 10, 2006, I caused the **Joinder Of SEB S.A. And Groupe SEB USA To Debtors' Motion For Leave Of Requirements Of District Court Standing Order Dated July 23, 2004 Requiring Debtors' Mandatory Participation In Mediation Proceedings Of Appeal** to be served on the parties listed on Exhibit A attached hereto by first class mail, postage prepaid, unless otherwise indicated thereon.

Dated:   Wilmington, Delaware
         October 10, 2006

                    /s/ Mark L. Desgrosseilliers
         Gregg M. Galardi (I.D. No. 2991)
         Mark L. Desgrosseilliers (I.D. No. 4083)
         Matthew P. Ward (I.D. No. 4471)
         SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
         One Rodney Square
         P.O. Box 636
         Wilmington, Delaware 19899-0636
         (302) 651-3000

         Attorneys for SEB S.A. and
         Groupe SEB USA

**Exhibit A**

**Service list**

(Counsel for Regal Ware, Inc.)
Morton R. Branzburg, Esquire
Steven K. Kortanek, Esquire
Patrick A. Costello, Esquire
Klehr Harrison Harvey Branzburg & Ellers LLP
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
**(via Hand Delivery)**

(Counsel for Regal Ware, Inc.)
Daniel R. Johnson, Esquire
Joseph A. Kromholz, Esquire
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618

(Counsel for CitiGroup)
Joseph Smolinsky, Esquire
Chadbourne and Parke LLP
30 Rockefeller Plaza
New York, New York 10112

(Counsel for the Official Committee of Unsecured Creditors)
David M. Fournier, Esquire
Pepper Hamilton LLP
1313 Market Street, Suite 5100
Wilmington, Delaware 19801
**(via Hand Delivery)**

(Counsel for the Official Committee of Unsecured Creditors)
Sharon Levine, Esquire
Bruce Buechler, Esquire
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068-1791

(Counsel for Wachovia Bank, National Association)
Joseph H. Huston, Jr., Esquire
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
**(via Hand Delivery)**

(Counsel for Wachovia Bank, National Association)
Steven B. Soll, Esquire
Jonathan N. Helfat, Esquire
Matthew J. Miller, Esquire
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York 10169-0075

(Counsel for Lifetime Brands, Inc.)
Ronald S. Gellert, Esquire
Michael Busenkell, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
**(via Hand Delivery)**

(Counsel to Lifetime Brands, Inc.)
Leonard Klingbaum, Esquire
Neil E. Herman, Esquire
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178