IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - X
REGAL WARE, INC.,              :
                               :
          Appellant,           :
                               :
     v.                        :  Case No. 1:06-cv-588 (JJF)
                               :
GROUPE SEB USA, SEB S.A.,      :  Related Doc.: 18
and GLOBAL HOME PRODUCTS       :
LLC, et al.,                   :
                               :
          Appellees.           :
- - - - - - - - - - - - - - - X
In re:                         :  Chapter 11
                               :
GLOBAL HOME PRODUCTS LLC,      :  Case No. 06-10340 (KG)
et al.,                        :  Jointly Administered
                               :
          Debtors.             :
- - - - - - - - - - - - - - - X
```

**OBJECTION OF PURCHASERS TO REGAL WARE, INC.'S
MOTION TO EXTEND TIME FOR APPELLANT TO FILE OPENING BRIEF**

SEB S.A. and Groupe SEB USA (together, "SEB" or the "Purchasers"), two of the appellees in the above-captioned appeal and purchasers of certain assets of the debtors and debtors-in-possession in the above-captioned cases, hereby object to the Motion to Extend Time for Appellant to File Opening Brief (Docket No. 18) (the "Motion to Extend"), filed by Regal Ware, Inc. ("Regal"), appellant in the above-captioned appeal, and in support states as follows:

**BACKGROUND**

1. On April 10, 2006, the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On July 14, 2006, the Debtors filed a motion (the "Sale Motion") to approve, among other things, the sale of certain assets (the "WearEver Assets") of Mirro Acquisition Inc., Mirro Puerto Rico, Inc., and Mirro Operating Company LLC. Pursuant to Bankruptcy Court approved bidding procedures, SEB provided the Debtors with a bid to purchase the WearEver Assets on August 3, 2006.

3. On August 3, 2006, Regal Ware, Inc. ("Regal") filed a late objection to the Sale Motion (the "Regal Objection"). In the Regal Objection, Regal objected to the sale, assumption, and assignment of an exclusive worldwide trademark sublicense (the "Trademark Sublicense") pursuant to which the Debtors were permitted to use a number of Regal, Regal & Design, and Coronet Regal trademarks.

4. The Court then conducted a hearing on the Sale Motion on August 8, 2006 (the "Sale Hearing"), at

which hearing the Court found that the bid submitted by SEB was the highest or otherwise best offer, and approved the sale of the WearEver Assets to SEB. The Court further overruled the Regal Objection, approved the sale, assumption, and assignment of the Trademark Sublicense to SEB, and entered an order approving the Sale Motion (the "Sale Order"). In the above-captioned appeal, Regal has appealed the entry of the Sale Order.

     5. On October 18, 2006, this Court entered an Order (docket number 17) (the "Scheduling Order"), relieving the parties to this appeal from mediation, and requiring Regal to file its opening brief by November 2, 2006. See Scheduling Order, at ¶ 3(a) ("The parties shall adhere to the following briefing schedule unless an otherwise agreed upon schedule is filed within fifteen (15) days of the date of this Order: (a) Appellant's Opening Brief on appeal shall be filed within fifteen (15) days of the date of this Order.").

     6. Rather than file its opening brief on November 2, 2006, instead Regal filed the Motion to Extend. For the reasons set forth below, the Court should deny the Motion to Extend.

**OBJECTION**

7.  The relief requested in the Motion to Extend does not comply with the Scheduling Order. Specifically, the Scheduling Order provides for an extension of the briefing deadlines only if "an otherwise agreed upon schedule is filed within fifteen (15) days of the date of this Order." Scheduling Order, at ¶ 3. SEB has not agreed to the schedule proposed in Regal's Motion to Extend, or to any briefing schedule other than that set forth in the Scheduling Order.

8.  Moreover, in the Motion to Extend, Regal suggests that the extension will allow Regal to "continue to attempt to negotiate an agreement regarding briefing of the motion to dismiss versus briefing on the merits." Motion to Extend, at ¶ 6. However, on October 24, 2006, both counsel for the Debtors and counsel for SEB requested Regal to advise whether it would agree to briefing on a motion to dismiss prior to briefing on the merits, in the interest of efficiency. When Regal failed to respond to such requests, counsel for the Debtors again requested Regal to respond on October 30, 2006.

9.  Regal continued to ignore such requests until November 2, 2006, the day that its opening brief was

due under the Scheduling Order. Yet Regal now suggests that an extension of the deadline for its opening brief is necessary to allow Regal to "continue to attempt to negotiate" the timing of a motion to dismiss. Id. (emphasis added). This Court should not allow Regal to avoid the deadlines set forth in the Scheduling Order after having previously ignored requests by both counsel for the Debtors and counsel for SEB to negotiate that very issue.

        10. At a minimum, in the event that the Court grants the Motion to Extend, SEB requests that the appellees be provided with a corresponding extension of their deadline to file answering briefs. It appears that Regal has agreed to such an extension. See Motion to Extend, at ¶ 5 ("Regal Ware respectfully requests that it have one additional week to file its opening brief (with a concurrent extension of the answering and reply brief deadlines)."). However, the proposed form of order attached to the Motion to Extend provides the same deadline as provided in the Scheduling Order, stating that "the answering brief shall be filed no later than 15 days after the opening brief."

WHEREFORE, SEB respectfully requests that the Court (i) sustain SEB's objection to the Motion to Extend, (ii) deny the Motion to Extend, and (iii) grant SEB such further relief as is just and proper.

Dated:   Wilmington, Delaware
         November 3, 2006

*/s/ Matthew P. Ward*
Gregg M. Galardi (I.D. No. 2991)
Mark L. Desgrosseilliers (I.D. No. 4083)
Matthew P. Ward (I.D. No. 4471)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Attorneys for SEB S.A. and
Groupe SEB USA