# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL HOME PRODUCTS, LLC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 06-10340 (KG)<br>(Jointly Administered) |
| REGAL WARE, INC.,<br><br>Appellant,<br><br>v.<br><br>GLOBAL HOME PRODUCTS LLC, et al.,<br><br>Appellees. | Civil Action No. 06-588 (JJF) |

**Notice of Errata – Supplement to Opening Brief of Appellant Regal Ware, Inc.**
**(Table of Contents and Table of Authorities)**

November 9, 2006

RYAN KROMHOLZ & MANION, S.C.
 Daniel R. Johnson   (State Bar No. 1033981)
 Joseph A. Kromholz (State Bar No. 1002464)
 P. O. Box 26618
 Milwaukee, Wisconsin 53226-0618

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP

_____/s/ Steven K. Kortanek_____
Steven K. Kortanek, Eq. (Bar No. 3106)
919 Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 426-1189

 Attorneys for Regal Ware, Inc.

DEL1 65043-1

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 2

II.  SUMMARY OF ARGUMENT .................................................................................... 2

III. STATEMENT OF FACTS ............................................................................................ 3

IV.  STANDARD OF REVIEW ........................................................................................... 6

V.   ARGUMENT ................................................................................................................. 6

   A.   Regal's Appeal is Not Moot ................................................................................. 6

      1.   Section 363(m) Does Not Apply to A Section 365 Assumption and Assignment Transaction....................................................................................... 6

      2.   To the Extent That Section 363(m) Applies, Regal Ware's Appeal is Not Automatically Moot ................................................................................. 9

   B.   The Bankruptcy Court's Sale Order Must Be Vacated If This Court Opts To Dismiss The Pending Appeal As Being Moot ............................................. 10

   C.   The Bankruptcy Court Erred in Holding that the Sublicense Agreement Was Freely Assignable ............................................................................................... 13

      1.   The Legal Standard Under Section 365(c)(1) of the Bankruptcy Code ................ 13

      2.   Trademark Law Bars Assignment of the Trademark Sublicense Agreement Without Regal Ware's Consent ........................................................ 15

      3.   The Court's Reliance on *Golden Books* Is Misplaced .......................................... 19

      4.   The Court's Reliance on *Rooster* Is Misplaced .................................................... 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re Access Beyond Technology, Inc., 237 B.R. 32 (Bankr. D. Del. 1999)......................23

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994) ...............................12

Barber v. State Farm Mutual Automobile Insurance Co. (In re Smith), 964 F.2d 636 (7th Cir. 1992)..........................................................................................................13

Barcamerica International USA Trust v. Tyfield Importers, Inc., 289 F.3d 589 (9th Cir. 2002)....................................................................................................................18

In re Catapult Entm't, Inc., 165 F.3d 747 (9th Cir. 1999)...................................................15

Cinicola v. Scharffenberger, 248 F.3d 110 (3d Cir 2001) ................................................7, 9

Days Inns of America, Inc. v. Regency Manor, Ltd., 94 F. Supp. 2d 1200 (D. Kan. 2000).........................................................................................................................16

Duke Power Co. v. Greenwood County, 299 U.S. 259 (1936)..........................................11

Federal Savings & Loan Insurance Corp. v. Hykel, 468 F.2d 1386 (3d Cir. 1972) ..........12

Ford Motor Co. v. Claremont Acquisition Corp., Inc., 186 B.R. 977 (Bankr. C.D. Cal. 1995), *aff'd*, 113 F.3d 1029 (9th Cir. 1997) .......................................................24

In re Golden Books Family Entm't, Inc., 269 B.R. 311 (Bankr. D. Del. 2001).................19

Great Western Sugar Co. v. Nelson, 442 U.S. 92 (1979) ..................................................11

Harris v. Emus Records Corp., 734 F.2d 1329 (9th Cir. 1984) ........................................19

In re Highway Truck Drivers & Helpers Local Union # 107, 888 F.2d 293 (3d Cir. 1989) .................................................................................................................13

In re Joshua Slocum Ltd., 922 F.2d 1081 (3d Cir. 1990) ....................................................6

Karcher v. May, 484 U.S. 72 (1987)..................................................................................11

DEL1 65032-2

Krebs Chrysler-Plymouth v. Valley Motors, Inc., 141 F.3d 490 (3d Cir.1998) .................. 7

In re Luce Industries, Inc., 14 B.R. 529 (S.D.N.Y. 1981) ................................................ 17

Miller v. Glenn Miller Products, 318 F. Supp. 2d 923 (C.D. Cal. 2004) .......................... 24

Monumental Life Insurance Co. v. Bibo, Inc. (In re Bibo, Inc.), 139 F.3d 659 (9th
    Cir. 1998) ................................................................................................................ 13

Moore Business Forms, Inc. v. Ryu, 960 F.2d 486 (5th Cir. 1992) ................................... 18

In re N.C.P. Marketing Group, Inc., 337 B.R. 230 (D. Nev. 2005) .................................. 23

National Iranian Oil Co. v. Mapco International, Inc., 983 F.2d 485 (3d Cir.
    1992) ....................................................................................................................... 12

New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492
    (3d Cir. 1996) ..................................................................................................... 12, 13

Nutrasweet Co. v. Vit-Mar Enterprises, 176 F.3d 151 (3d Cir. 1999) .............................. 12

In re Pioneer Ford Sales, Inc., 729 F.2d 27 (1st Cir. 1984) ........................................ 22, 24

In re Rickel Home Centers, Inc., 209 F.3d 291 (3d Cir.2000) ............................................ 7

In re Rooster, Inc., 100 B.R. 228 (Bankr. D. Pa. 1989) ................................................ 19, 22

Star-Kist Foods, Inc. v. P.J. Rhodes & Company, 769 F.2d 1393 (9th Cir. 1985) ............ 18

TMT N. America, Inc. v. Magic Touch GmbH, 124 F.3d 876 (7th Cir. 1997) .................. 21

Tap Publ'ns, Inc. v. Chinese Yellow Pages (New York), Inc., 925 F. Supp. 212
    (S.D.N.Y. 1996) ............................................................................................... 15, 16,
                                                                                                                      23

In re Texas International Corp., 974 F.2d 1246 (10th Cir. 1992) ..................................... 13

In re Travelot Co., 286 B.R. 447 (Bank. S.D. Ga. 2002) .............................................. 14, 15,
                                                                                                                 16

United States v. Munsingwear, Inc., 340 U.S. 36 (1950) .................................................. 11

In re Van Ness Automobile Plaza, Inc., 120 B.R. 545 (Bankr. N.D. Cal. 1990) ............... 24

In re W. Electricals, Inc., 852 F.2d 79 (3d Cir. 1988) ...................................................... 24

DEL1 65032-2

Winsett v. McGinnes, 617 F.2d 996 (3d Cir. 1980), cert. denied, 449 U.S. 1093 (1981)..................................................................................................................12

**STATUTES**

11 U.S.C. §§ 363(m)..........................................................................................................7

11 U.S.C. § 365..................................................................................................8, 14, 16, 22

15 U.S.C. § 1060...........................................................................................................19, 20

15 U.S.C. § 1114..................................................................................................................16

17 U.S.C. § 101.........................................................................................................19, 20, 21

17 U.S.C. § 106....................................................................................................................19

17 U.S.C. § 201(d)...............................................................................................................19

**MISCELLANEOUS**

4 McCarthy on Trademarks and Unfair Competition 25:33 at 25-69 (4th Ed. 2001)..............................................................................................................17, 18

3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.01[C][4] (2001).................................................................................................................19

Richard Leib, The Interrelationship of Trademark Law and Bankruptcy Law, 64 Am. Bankr. L.J. 1, 7 (1990)................................................................................15

20 Am. Bankr. Inst. Journal 14, 38 (April 2001)...............................................................18

23 Hastings Comm. & Ent. L. J. 313, 402- 3 (Winter 2001)..............................................18

Michelle Morgan Harner, Carl E. Black and Eric R. Goodman, Debtors Beware: The Expanding Universe of Non-Assumable/Non-assignable Contracts in Bankruptcy, 13 Am. Bank. Inst. L. Rev. 187, 223 (Spring 2005).........................21, 22