UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL HOME PRODUCTS LLC, *et al.*[1]<br>Debtors. | Chapter 11<br>Case No. 06-10340 (KG)<br>(Jointly Administered) |
| REGAL WARE, INC.,<br><br>Appellant<br><br>v.<br><br>GLOBAL HOME PRODUCTS, LLC et. al.<br><br>Appellees. | 1:06-cv-00588-JJF |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN DEBTORS' (A) MOTION TO DISMISS APPEAL FILED BY REGAL WARE INC. OF ORDER APPROVING MOTION OF THE DEBTORS FOR AN ORDER: (I) APPROVING SALE BY THE WEAREVER DEBTORS OF SUBSTANTIALLY ALL OF THE WEAREVER DEBTORS' OPERATING ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363(B), (F) AND (M) OF THE BANKRUPTCY CODE, (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF; OR, ALTERNATIVELY, (B) ANSWERING BRIEF TO OPENING BRIEF OF APPELLANT REGAL WARE, INC.**

| | |
|---|---|
| **LOWENSTEIN SANDLER PC**<br>Sharon L. Levine, Esq.<br>Bruce Buechler, Esq.<br>Wojciech F. Jung, Esq.<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Fax (973) 597-2400 | **PEPPER HAMILTON LLP**<br>David M. Fournier (DE No. 2812)<br>Evelyn J. Meltzer (DE No. 4581)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-6500<br>Fax: (302) 421-8390 |

Co-Counsel for the Official Committee of Unsecured Creditors

Date: December 1, 2006

---

[1] The Debtors are the following entities: Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico, Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico, Inc.; Mirro Operating Company LLC.

## Table of Contents

Table of Authorities ......................................................................................................................... ii

I.        The Law of the Case Doctrine Warrants Dismissal of this Appeal ....................................... 1

# TABLE OF AUTHORITIES

## CASES

Al Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp.,
     104 F.3d 601 (3rd Cir. 1997) ...................................................................................2

Arizona v. California, 460 U.S. 605 (1983) ..................................................................2, 3

Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219 (7th Cir. 1995) ...................2

In re City of Philadelphia Litigation, 158 F.3d 711 (3rd Cir.1998) ................................2

Public Interest Research Group of N.J., Inc. v. Magnesium Elekton, Inc.,
     123 F.3d 111 (3rd Cir. 1997) ...................................................................................2

Schultz v. Onan Corp., 737 F.2d 339 (3rd Cir. 1984) .....................................................2

Southco, Inc., v. Kanebridge Corp., 324 F.3d 190 (3rd Cir. 2003) .................................2

Steiert v. Mata Services, Inc., 111 F. Supp. 2d 521 (D.N.J. 2000) ..................................2

Appellee, the Official Committee of Unsecured Creditors (the "Committee") of Global Home Products, LLC, *et al.*, the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its counsel, joins the Debtors in their *(A) Motion to Dismiss Appeal Filed by Regal Ware Inc. of Order Approving Motion of the Debtors for an Order (I) Approving Sale by the WearEver Debtors of Substantially All of the WearEver Debtors Operating Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief; or, Alternatively (B) Answering Brief to Opening Brief of Appellant Regal Ware, Inc.* (the "Motion") filed on December 1, 2006. (Docket No. 27.) In addition to the Committee's joinder in the Debtors' Motion, the Committee respectfully states as follows:

## I. The Law of the Case Doctrine Warrants Dismissal of this Appeal

1. In addition to its adoption of the facts, legal arguments and conclusions of law asserted by the Debtors in their Motion, the Committee respectfully submits that the law of the case doctrine mandates the dismissal of this appeal initiated by Regal Ware, Inc. ("Regal Ware"). This Court has already held that "the Bankruptcy Court correctly concluded that the Sublicense Agreement was not a personal services contract and was freely assignable as an exclusive license that places no restriction on assignments." Joint Appendix No. 84 at pgs. 2-3 and 4. In so holding, the Court denied Regal Ware's Emergency Motion for Stay Pending Appeal of Order Approving Motion of the Debtors for an Order (1) Approving Sale by the WearEver Debtors of Substantially all of the WearEver Debtors Operating Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b), (f), and (m) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (the "Stay Motion"). In addition, the Court has held that due to the closing of the sale transaction between the Debtors, SEB S.A. and Groupe SEB USA, Regal Ware's Stay Motion was moot. *Id.* at 2 and 4.

2. Law of the case is a preclusionary doctrine governing the ongoing litigation. The United States Supreme Court has held "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The rationale behind the doctrine is that it promotes judicial economy and efficiency, provides adversaries with a full and fair opportunity to litigate without excessive expense or vexation, and fosters judicial reliability by avoiding inconsistent decisions. *Arizona*, 460 U.S. at 619. *See also Public Interest Research Group of N.J. Inc. v. Magnesium Elekton, Inc.*, 123 F.3d 111, 116 (3rd Cir. 1997). The law of the case doctrine also applies where an issue has been expressly or implicitly decided. *Steiert v. Mata Services, Inc.*, 111 F. Supp. 2d 521, 524 (D.N.J. 2000) (*citing In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3rd Cir. 1998)).

3. While the law of the case doctrine promotes uniformity and certainty, the doctrine is a matter of discretion (*i.e.*, a prior ruling can be reconsidered in exceptional circumstances) and "does not limit the tribunal's power." *Arizona*, 460 U.S. at 618. *See also, Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (stating that "a judge may reexamine his earlier ruling (or the ruling of a judge previously assigned to the case, or of a previous panel if the doctrine is invoked at the appellate level) if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it.") (citations omitted). This approach is also the law of the Third Circuit. *See Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3rd Cir. 1984); *Al Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp.*, 104 F.3d 601, 605 (3rd Cir. 1997) (stating that "it is appropriate to reconsider a decision made in an earlier appeal in exceptional circumstances, such as where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or manifest injustice.") (citations omitted); *Southco, Inc. v. Kanebridge Corp.*, 324 F.3d 190 (3rd Cir. 2003) (same).

4. The United States Supreme Court also restricts this discretion by holding that as a rule courts should be loathe to revisit prior decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at 618, n.8.

5. Such unusual circumstances are not present here nor are any extraordinary circumstances articulated by Regal Ware. The Court correctly decided when it dismissed Regal Ware's Stay Motion as being moot when it agreed with the Bankruptcy Court that the Sublicense Agreement in question was not a personal services contract and was freely assignable as an exclusive license. Thus the Committee requests the Court grant the Debtors' Motion dismissing this appeal as moot.

Date: December 1, 2006

                                      Respectfully submitted,

**LOWENSTEIN SANDLER PC**
Sharon L. Levine, Esq.
Bruce Buechler, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Fax: (973) 597-2400

and

**PEPPER HAMILTON LLP**

/s/ Evelyn J. Meltzer
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Fax: (302) 421-8390

*Co-Counsel for the Official*
*Committee of Unsecured Creditors*

-3-

## CERTIFICATE OF SERVICE

I, Evelyn J. Meltzer, hereby certify that on the 1st day of December, 2006, I caused the foregoing **Joinder of The Official Committee of Unsecured Creditors in Debtors' (A) Motion to Dismiss Appeal Filed by Regal Ware Inc. of Order Approving Motion of the Debtors for an Order: (I) Approving Sale by the Wearever Debtors of Substantially All of the Wearever Debtors' Operating Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(B), (F) and (M) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief; or, Alternatively, (B) Answering Brief to Opening Brief of Appellant Regal Ware, Inc.** to be served upon the parties listed on the attached service in the manner stated.

_____
Evelyn J. Meltzer

#8173785 v1 (131981.2

(Counsel to the Debtors)
Laura Davis Jones, Esquire
Bruce Grohsgal, Esquire
Sandra G. M. Selzer, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
**Hand Deliver**

(Counsel to the Debtors)
David M. Bertenthal, Esquire
Joshua M. Fried, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
150 California Street, 15th Floor
San Francisco, CA  94111
**Fed Ex**

(United States Trustee)
Mark Kenney, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox 35
Wilmington, DE  19801
**Hand Deliver**

(Counsel to Wachovia Bank, National Association)
Joseph H. Huston, Jr., Esquire
Thomas G. Whalen, Jr., Esquire
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE  19801
**Hand Deliver**

(Counsel to Wachovia Bank, National Association)
Jonathan N. Helfat, Esquire
Matthew J. Miller, Esquire
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY  10169-0075
**Fed Ex**

(Counsel to Madeleine, L.L.C.)
Robert J. Dehney, Esquire
Gilbert R. Saydah, Jr., Esquire
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre
1201 North Market Street, 18th Floor
Wilmington, DE  19801
**Hand Deliver**

(Counsel to Madeleine L.L.C.)
Jesse H. Austin, III, Esquire
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA  30308
**Fed Ex**

(Counsel to Global Home Products Investors, LLC)
Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE  19801
**Hand Deliver**

(Counsel to Global Home Products Investors, LLC)
Michael L. Cook, Esquire
Sophie S. Kim, Esquire
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022
**Fed Ex**

(Counsel to Regal Ware)
Steven Kortanek, Esq.
Klehr Harrison Harvey Branzburg & Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801
**Hand Deliver**

(Counsel to Regal Ware)
Morton R. Branzburg, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, Suite 400
Philadelphia, PA  19102
**Fed Ex**

(Counsel to SEB S.A. and Groupe SEB USA)
Gregg M. Galardi, Esquire
Matthew P. Ward, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899
**Hand Deliver**

(Counsel to Lifetime Brands, Inc.)
Ronald S. Gellert, Esquire
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE  19801
**Hand Deliver**

-2-

Mark Eichhorn, Interim Chief Executive Officer
Global Home Products, LLC
519 North Pierce Avenue
Lancaster, OH 43130
**Fed Ex**

(Counsel to Lifetime Brands, Inc.)
Neil E. Herman, Esq.
Leonard Klingbaum, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
**Fed Ex**

(Counsel to Lifetime Brands, Inc.)
Neil E. Herman, Esquire
Leonard Klingbaum, Esquire
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
**Fed Ex**

(Counsel to Regal Ware, Inc.)
Daniel R. Johnson, Esq.
Ryan Kromholz & Manion, S.C.
3360 Gateway Road
Brookfield, WI 53045
**Fed Ex**

(Counsel to Citigroup)
Joseph H. Smolinsky, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
**Fed Ex**

(Counsel to SEB S.A. and SEB USA)
N. Lynn Hiestand, Esq.
Christian Pilkinton, Esq.
Neil Devaney, Esq.
Skadden, Arps, Slate, Meagher & Flom (UK) LLP
40 Bank Street
Canary Wharf, London E14 5DS
England
**Fed Ex**