IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Global Home Products LLC, et al.,[1] | ) | Case No. 06-10340 (KG) (Jointly Administered) |
| Debtors. | ) | |
| Regal Ware, Inc., | ) | |
| Appellant, | ) | |
| v. | ) | Civil Action 06-588 (JJF) |
| Global Home Products LLC, et al., | ) | |
| Appellees. | ) | |

**DEBTORS' REPLY TO APPELLANT REGAL WARE, INC.'S RESPONSE TO DEBTORS' (A) MOTION TO DISMISS APPEAL FILED BY REGAL WARE INC. OF ORDER APPROVING MOTION OF THE DEBTORS FOR AN ORDER: (I) APPROVING SALE BY THE WEAREVER DEBTORS OF SUBSTANTIALLY ALL OF THE WEAREVER DEBTORS' OPERATING ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTIONS 363(B), (F) AND (M) OF THE BANKRUPTCY CODE, (II) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF; OR, ALTERNATIVELY, (B) ANSWERING BRIEF TO OPENING BRIEF OF APPELLANT REGAL WARE, INC.**

December 27, 2006

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Bruce Grohsgal (Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Counsel to Debtors, Global Home Products LLC, et al.

[1] The Debtors are the following entities: Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico, Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico, Inc.; Mirro Operating Company LLC.

**Table of Contents**

**Page**

Preliminary Statement ........................................................................................................ 1

I. The Sale of Sublicense Agreement to SEB was Effectuated Pursuant to 11 U.S.C. § 363(b) Under Applicable Third Circuit Law ........................................................ 2

II. Regal's Objection to the Sale of the Property Under Section 363(b) is Time Barred and Should Not be Considered by This Court Because Regal Did not Object to the Sale of the Sublicense Agreement As a Sale of Property Under Section 363(b) in Its Objections to the Sale Motion and Did Not Designate the Sale of the Sublicense Agreement as an Issue on Appeal ........................................................ 4

## Table of Authorities

**Page**

**CASES**

*Bailey v. United Airlines*, 279 F.3d 194, 203-04 (3d Cir. 2002) .......... 4

*Cinicola v. Scharffenberger*, 248 F.3d 110, 128 (3d Cir. 2001) .......... 1

*Gruen Marketing Corp. v. Benrus Watch Co.* Co, 955 F. Supp. 979 (N. D. Ill. 1997) .......... 6

*In re Golden Books Family Entm't*, 269 B.R. 311 (Bankr. D. Del. 2001) .......... 6

*In re Joshua Slocum Ltd.*, 922 F.2d 1081 (3d Cir. 1990) .......... 1

*In re Rooster, Inc.* 100 B.R. 228 (Bankr. E.D. Pa. 1989) .......... 6

*Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc. (In re Valley Motors Inc.)*, 141 F.3d 490 (3d Cir. 1998) .......... 2, 3

*L.R.S.C. Co. v. Rickel Home Ctrs. (L.R.S.C. Co. v. Rickel Home Ctrs.) In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3d Cir. 2000) .......... 2, 3

*United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1008 (3d Cir. 1987) .......... 4

The above-captioned appellee debtors and debtors in possession in the above-referenced chapter 11 cases and appellees in this matter (the "Debtors") hereby file this reply to Appellant Regal Ware, Inc.'s response (the "Opposition") to the Debtors' *(A) Motion to Dismiss Appeal Filed by Regal Ware Inc. of Order Approving Motion of the Debtors for an Order (I) Approving Sale by the WearEver Debtors of Substantially All of the WearEver Debtors' Operating Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief; or, Alternatively (B) Answering Brief to Opening Brief of Appellant Regal Ware, Inc.* (the "Motion").

**Preliminary Statement**[2]

The Opposition does not dispute that the Third Circuit's test for dismissal of this Appeal as statutorily moot is applicable to this Appeal because (1) the sale of the Sublicense Agreement SEB was not stayed pending this Appeal, and (2) the reversal of the Sale Order would affect the validity of the sale of the Sublicense Agreement. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 128 (3d Cir. 2001). Rather, the Opposition rests on the same meritless argument previously asserted by Regal in its Opening Brief that *In re Joshua Slocum Ltd.*, 922 F.2d 1081 (3d Cir. 1990) stands for the proposition that the Sublicense Agreement was not a sale of property under section 363(b) and 363(m). Regal bases its Opposition on this assertion, even though the Third Circuit has affirmatively *rejected* this argument for the reasons set forth in the Motion. *See e.g. Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc. (In re*

[2] Unless otherwise noted, capitalized terms used herein have the same meanings ascribed in the Motion. All statutory references herein refer to title 11 of the United States Code (the "Bankruptcy Code").

*Valley Motors Inc.)*, 141 F.3d 490 (3d Cir. 1998); *L.R.S.C. Co. v. Rickel Home Ctrs. (L.R.S.C. Co. v. Rickel Home Ctrs.) In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3d Cir. 2000). In a vain attempt to buttress its Opposition, Regal also belatedly attempts to challenge the disposition of the Sublicense Agreement as a sale under section 363(b) in order to avoid both the application of section 363(m) and dismissal of the Appeal on mootness grounds. Even if Regal were correct on the law (which it is not), Regal never objected to or appealed the characterization of the sale of the Sublicense Agreement to the SEB as a transaction covered under section 363(b). Rather, the only issue Regal elected to raise pursuant to the designation of issues Regal filed on appeal is whether the Bankruptcy Court correctly concluded, as a matter of law, that the Sublicense Agreement could be assumed and assigned to SEB without Regal's consent.[3] If Regal disputed this additional issue concerning the disposition of the sale of the Sublicense Agreement as a transaction under section 363(b), it should have (i) objected to the applicable relief at the time of the hearings on the Sale Motion and in connection with the entry of the Sale Order (neither of which it did) and (ii) also appealed that issue rather than raising it for the first time in the Opposition. Therefore, the Motion should be granted and the Appeal should be dismissed.

## I.
## The Sale of Sublicense Agreement to SEB was Effectuated Pursuant to 11 U.S.C. § 363(b) Under Applicable Third Circuit Law

1. As set forth in the Motion, it is black letter law in the Third Circuit that unexpired leases and executory contracts are interests of property under section 541(a) of the

[3] Regal's Statement of Issues and Designation of Record by Appellant Regal Ware, Inc. (District Court Docket No. 2), also designated as a second issue on appeal that to the extent that the Bankruptcy Court made any findings of fact (which Regal itself disputes took place) relating to the reasonableness of Regal's withholding of consent, whether such finding constituted reversible error. The Debtors objected to Regal's designation of this additional issue (District Court Docket No. 5) which, in any event, bears no relevance to the issue that is the subject of the Appeal and to the discussion herein.

Bankruptcy Code and may be sold pursuant to section 363(b) notwithstanding that the method of conveying such property interests is effectuated pursuant to section 365(a). *Krebs*, 141 F.3d at 497-98; *Rickel*, 209 F.3d at 302-03. As succinctly stated by the Third Circuit: "[O]ur inquiry is whether assignments of franchises under section 365 are also sales of estate property subject to 363(m). We conclude they are." *Krebs*, 141 F.3d at 497. Therefore, the rights under the Sublicense Agreement constituted property of the WearEver Debtors' estates which were sold to SEB pursuant section 363(b) and 363(m) of the Bankruptcy Code.

2. Because Regal cannot dispute the direct applicability of *Krebs, Rickel* and their progeny to this Appeal, it attempts to argue that *Joshua Slocum* provides a so-called "functional test" that permits courts to deviate from the established legal principle that unexpired leases and executory contracts constitute estate property that can be sold pursuant to Bankruptcy Code section 363(b), notwithstanding the fact that the mechanism by which the contract or lease is assigned to a buyer is pursuant to section 365(a). *Krebs,* 141 F.3d 490 (3d Cir. 1998); *Rickel,* 209 F.3d 291 (3d Cir. 2000).

3. As set forth in the Motion, *Joshua Slocum* is factually inapposite to this Appeal because it did not involve the sale of a lease under section 363(b). Rather, *Joshua Slocum* addressed whether an appealing landlord was required to obtain a stay of an order authorizing the assumption and assignment of lease in order to avoid dismissal of the appeal as moot. *Joshua Slocum* reasoned "under the facts of this case" the landlord was not required to first obtain a stay of the assignment order. *Joshua Slocum*, 922 F.2d at 1081. Unlike the case at bar, the order entered in *Joshua Slocum* did **not** provide for the sale of the lease at issue in that case, which was the critical factor distinguished by both the *Krebs* and *Rickel* cases in

concluding that section 363 applies to the sale of executory contracts and unexpired leases. Tellingly, Regal cannot cite to any cases decided subsequent to *Krebs* and *Rickel* in support of its so-called "functional test", which is directly contrary to the law in this Circuit with respect to the sale of executory contracts and unexpired leases under section 363(b) and 363(m).

4. As addressed further below, the Opposition's assertion that the Debtors have not demonstrated why "there was an actual necessary requirement to use section 363(b) to transfer the any rights regarding the Sublicense Agreement to SEB" is irrelevant to the analysis of the sale of the Sublicense Agreement. *See* Opposition, page 3 paragraph 2. As a matter of law, the WearEver Debtors' rights in the Sublicense Agreement constituted estate property rights under section 541(a) that were salable under section 363(b) and 363(m) under *Krebs* and its progeny, and which rights were sold by the WearEver Debtors.

## II.
## Regal's Objection to the Sale of the Property Under Section 363(b) is Time Barred and Should Not be Considered by This Court Because Regal Did not Object to the Sale of the Sublicense Agreement As a Sale of Property Under Section 363(b) in Its Objections to the Sale Motion and Did Not Designate the Sale of the Sublicense Agreement as an Issue on Appeal

5. Independent of the fact that the argument raised in the Opposition is contrary to applicable Third Circuit law, this argument should not even be considered by the Court because Regal did not object to the sale of the Sublicense Agreement under section 363(b) in its objections to the Sale Motion. Joint Appendix Nos. 31, 41 and 43. *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1008 (3d Cir. 1987) (court will not, absent extraordinary circumstances, address on appeal issues not originally presented to the district court); *Bailey v. United Airlines*, 279 F.3d 194, 203-04 (3d Cir. 2002) ("Because Bailey has not pointed to anything in the record to demonstrate that he raised this issue with the District

Court and has not shown that there were "extraordinary circumstances", we will not consider this issue."). In addition, Regal neither designated as an issue on appeal the Bankruptcy Court's unchallenged findings that the Sublicense Agreement could be sold pursuant to 363(b) nor objected to the Bankruptcy Court's good faith findings pursuant to 363(m) as set forth the Sale Order. Joint Appendix No. 47 page 20, paragraph 23. Thus, Regal's eleventh-hour attempt to excise the sale of the Sublicense Agreement from section 363(b) and the protections of section 363(m) should be rejected. The Sale was noticed as a sale of substantially all of the Mirro Debtors' assets under section 363(b) of the Bankruptcy Code. Regal received notice of the proposed Sale Motion, never objected to the sale of the Sublicense Agreement as a transaction under section 363(b), and did not appeal the Bankruptcy Court's good faith findings made pursuant to section 363(m). The Sale Order specifically provides that "*in accordance with Sections 363 and 365* of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title and interest of each Designated Contact, including, but without limitation, the WearEver Debtors' interests in the Sublicense Agreement." Joint Appendix No. 52 at page 17, paragraph 23 (emphasis added). This provision of the Sale Order was also not objected to by Regal. Joint Appendix, No. 47, page 20. The only issue Regal appealed was the Bankruptcy Court's legal conclusion that the Sublicense Agreement could be assigned without Regal's consent. District Court Docket No. 10. Having never appealed the sale of the Sublicense Agreement as a transaction properly within the ambit of section 363(b) and 363(m), Regal should not be allowed to spontaneously concoct additional grounds to object to the Sale Order, even though such grounds are devoid of merit for the reasons set forth in the Motion.

6. The remainder of the Opposition largely reiterates the same inapplicable,

out-of-circuit cases addressing the assignability of non-exclusive trademark licenses. The Debtors previously rebutted these arguments and distinguished the cases relied upon by Regal in the Motion. Although Regal attempts to argue that the there should be no distinction between exclusive and non-exclusive trademark licenses, the Debtors submit that the fact that the Sublicense Agreement is an exclusive trademark sublicense is precisely the reason why it may be freely assigned without the need for Regal's consent, in accordance with the reasoning of *In re Golden Books Family Entm't*, 269 B.R. 311 (Bankr. D. Del. 2001) and *In re Rooster, Inc.* 100 B.R. 228 (Bankr. E.D. Pa. 1989), as set forth in the Motion. For those reasons, both the Bankruptcy Court (Joint Appendix No. 52 at page 6) and this Court (Joint Appendix No. 84 at pages 2-3) independently and correctly concluded that the Sublicense Agreement was, as a matter of law, freely assignable to SEB as an exclusive license agreement.

7. Similarly, Regal's argument that its ownership of the Trademarks prevents the free assignment of the Sublicense Agreement is also incorrect for the reasons set forth in the Motion. While Regal may own the Trademarks, it does not own the exclusive rights right to use the Trademarks. Regal's reliance on cases such as *Gruen Marketing Corp. v. Benrus Watch Co.* Co, 955 F. Supp. 979 (N. D. Ill. 1997) dealing with the ownership of the actual trademarks is therefore misplaced. Regal granted these rights exclusively and in their entirety to Newell under the License Agreement, which exclusive rights were subsequently granted by Newell to Mirro pursuant to the Sublicense Agreement. Finally, Regal's concerns that the Sublicense Agreement was assigned to a "competitor" are unfounded. As noted in the Motion, the Bankruptcy Court SEB's "present intent is to use the trademark license agreement precisely as Mirro did under the sub-license, selling the product to Wal-Mart . . . ." Joint Appendix No. 67 at page 149, lines 2-4.

8. The Debtors submit that the Motion should be granted and the Appeal should be dismissed.

Respectfully submitted,

Dated: December 27, 2006

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Bruce Grohsgal (Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for the Debtors
Global Home Products LLC, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:

GLOBAL HOME PRODUCTS LLC, et al.,[1]

Debtors.

Chapter 11

Case No. 06-10340 (KG)
(Jointly Administered)

REGAL WARE, INC.,

Appellant,

v.

GLOBAL HOME PRODUCTS LLC, et al.,

Appellees.

Civil Action No. 06-588 (JJF)

**CERTIFICATE OF SERVICE**

I, Bruce Grohsgal, hereby certify that on the 27th day of December, 2006, I caused a copy of the following document(s) to be served on the individuals on the attached service list(s) in the manner indicated:

**Debtors' Reply to Appellant Regal Ware, Inc.'s Response to Debtors' (A) Motion to Dismiss Appeal Filed by Regal Ware, Inc. of Order Approving Motion of the Debtors for an Order: (I) Approving Sale by the WearEver Debtors of Substantially All of the WearEver Debtors' Operating Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 363(b), (b) and (m) of the Bankruptcy Code, (II) Assuming and Assigning Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief; or, Alternatively, (B) Answering Brief to Opening Brief of Appellant Regal Ware, Inc.**

Bruce Grohsgal (Bar No. 3583)

[1] The Debtors are the following entities: Global Home Products LLC; GHP Holding Company LLC; GHP Operating Company LLC; Anchor Hocking Acquisition Inc.; Anchor Hocking Inc.; AH Acquisition Puerto Rico, Inc.; Anchor Hocking Consumer Glass Corporation; Anchor Hocking CG Operating Company LLC; Anchor Hocking Operating Company LLC; Burnes Acquisition Inc.; Intercraft Company; Burnes Puerto Rico, Inc.; Picture LLC; Burnes Operating Company LLC; Mirro Acquisition Inc.; Mirro Puerto Rico, Inc.; Mirro Operating Company LLC.

GHP – Service List for 06-588 (JJF)
Case No. 06-10340 (KG)
Document No. 120548
08 – Hand Delivery
10 – Overnight Delivery
01 – Foreign Overnight Delivery

**Hand Delivery**
(Counsel to Regal Ware, Inc.)
Steven K. Kortanek, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
919 North Market Street, Suite 1000
Wilmington, DE 19801

**Hand Delivery**
(Counsel to SEB S.A. and SEB USA)
Gregg M. Galardi, Esq.
Matthew P. Ward, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19801

**Hand Delivery**
(United States Trustee)
Mark Kenney, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

**Hand Delivery**
(Counsel to the Official Committee of Unsecured Creditors)
David M. Fournier, Esq.
Pepper Hamilton LLP
1313 Market Street, Suite 5100
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Wachovia Bank, National Association)
Joseph H. Huston, Jr., Esq.
Thomas G. Whalen, Jr., Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Madeleine, L.L.C.)
Robert J. Dehney, Esq.
Derek C. Abbott, Esq.
Morris, Nichols, Arsht & Tunnell LLP
Chase Manhattan Centre
1201 North Market Street, 18th Floor
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Global Home Products Investors, LLC)
Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb LLP
919 North Market Street, Suite 600
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Lifetime Brands, Inc.)
Ronald S. Gellert, Esq.
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801

**Overnight Delivery**
(Counsel to the Official Committee of Unsecured Creditors)
Sharon Levine, Esq.
Bruce Buechler, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068-1791

**Overnight Delivery**
(Debtors)
Mark Eichhorn
Interim Chief Executive Officer
Global Home Products, LLC
519 North Pierce Avenue
Lancaster, OH 43130

**Overnight Delivery**
(Counsel to Wachovia Bank, National Association)
Jonathan N. Helfat, Esq.
Matthew J. Miller, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169-0075

**Overnight Delivery**
(Counsel to Madeleine L.L.C.)
Jesse H. Austin, III, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E., Suite 2400
Atlanta, GA 30308

**Overnight Delivery**
(Counsel to Global Home Products Investors, LLC)
Michael L. Cook, Esq.
Sophie S. Kim, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

**Overnight Delivery**
(Counsel to Cerberus, L.P.)
Daniel V. Oshinsky, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

**Overnight Delivery**
(Counsel to Lifetime Brands, Inc.)
Neil E. Herman, Esq.
Leonard Klingbaum, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

**Overnight Delivery**
(Counsel to Regal Ware, Inc.)
Morton R. Branzburg, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, Suite 400
Philadelphia, PA 19102

**Overnight Delivery**
(Counsel to Regal Ware, Inc.)
Daniel R. Johnson, Esq.
Ryan Kromholz & Manion, S.C.
3360 Gateway Road
Brookfield, WI 53045

**Overnight Delivery**
(Counsel to Citigroup)
Joseph H. Smolinsky, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

**Foreign Overnight Delivery**
(Counsel to SEB S.A. and SEB USA)
N. Lynn Hiestand, Esq.
Christian Pilkington, Esq.
Neil Devaney, Esq.
Skadden, Arps, Slate, Meagher & Flom (UK) LLP
40 Bank Street
Canary Wharf, London E14 5DS
ENGLAND