IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| GLOBAL HOME PRODUCTS LLC, et al., | : | Case No. 06-10340-KG |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| REGAL WARE, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 06-588-JJF |
| | : | |
| GLOBAL HOME PRODUCTS, LLC, et al., | : | |
| | : | |
| Appellees. | : | |

Daniel R. Johnson, Esquire and Joseph A. Kromholz, Esquire of
RYAN KROMHOLZ & MANION, S.C., Milwaukee, Wisconsin.
Steven K. Kortanek, Esquire of KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS, LLP, Wilmington, Delaware.

Attorneys for Appellant, Regal Ware, Inc.

Gregg M. Galardi, Esquire and Matthew P. Ward, Esquire of
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, Delaware.

Attorneys for Appellees, SEB S.A. and Groupe SEB USA.

Laura Davis Jones, Esquire; David M. Bertenthal, Esquire; Bruce
Grohsgal, Esquire and Joshua M. Fried, Esquire of PACHULSKI STANG
ZIEHL YOUNG JONES & WEINTRAUB LLP, Wilmington, Delaware.

Attorneys for Debtors/Appellees, Global Home Products LLC, et al.

**MEMORANDUM OPINION**

May 31, 2007
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is an appeal by Appellant, Regal Ware, Inc. ("Regal Ware"), from the August 14, 2006 Order of the United States Bankruptcy Court for the District of Delaware approving the Motion Of Debtors For The Entry Of An Order (I) Approving Sale By The WearEver Debtors Of Substantially All Of WearEver Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Sections 363(b), (f), And (m) Of The Bankruptcy Code, (II) Assuming And Assigning Certain Executory Contracts And Unexpired Leases, And (III) Granting Related Relief (the "Sale Order"). The Debtors/Appellees have filed a combined Motion To Dismiss the appeal and Answering Brief to the Opening Brief on appeal filed by Regal Ware (D.I. 27). Appellees, SEB S.A. and Groupe SEB USA ("SEB"), have also filed a separate Answering Brief requesting dismissal of the appeal, or in the alternative, an order affirming the Bankruptcy Court's Order. In addition, SEB has filed a Joinder (D.I. 31) to the Debtors' Motion and Answering Brief, expressing agreement with the legal arguments raised by the Debtors. Likewise, the Official Committee of Unsecured Creditors (D.I. 29) and Wachovia Bank, National Association (D.I. 28) have joined in the Debtors' request for relief. For the reasons discussed, the Court will grant the Debtors' Motion To Dismiss this appeal as statutorily moot under Section 363(m) of the Bankruptcy Code.

I.  THE PARTIES' CONTENTIONS

The Debtors, together with SEB (collectively, "Appellees"), request the Court to dismiss Regal Ware's appeal as moot under Section 363(m) of the Bankruptcy Code.  Appellees contend that trademark licenses constitute property of the estate, and therefore, their sale is governed by Section 363, even though the mechanics of the conveyance were performed pursuant to Section 365 of the Bankruptcy Code.  Appellees further contend that the statutory requirements for mootness are met here, because the Sale Order was not stayed and the relief Regal Ware seeks would affect the validity of the sale.

In the alternative, Appellees contend that the Bankruptcy Court's Sale Order should be affirmed because the Bankruptcy Court correctly concluded that the Trademark Sublicense Agreement was an exclusive license that could be freely assigned without Regal Ware's consent pursuant to Section 365(c) of the Bankruptcy Code.  Appellees distinguish the cases cited by Regal Ware on the grounds that those cases pertain to nonexclusive agreements.  Appellees also contend that the Bankruptcy Court correctly concluded that the Trademark Sublicense Agreement was not a personal services contract for which the consent of Regal Ware to assign would have been required.

Regal Ware contends that Section 363(m) of the Bankruptcy Code does not apply to the transaction that occurred here,

3

because the true nature of the transaction here was an assumption and assignment of the Trademark Sublicense Agreement under Section 365 and not a sale under Section 363. In support of its argument, Regal Ware relies on the Third Circuit's decision in <u>In re Joshua Slocum Ltd.</u>, 922 F.2d 1081 (3d Cir. 1990), which it contends is still good law despite a line of cases beginning with <u>Krebs Chrysler-Plymouth v. Valley Motors, Inc.</u>, 141 F.3d 490 (3d Cir. 1998), which departs from <u>Slocum</u>.

Regal Ware also contends that even if Section 363(m) applies, this appeal is not moot, because the relief it seeks would not affect the overall sale of the WearEver Business. Specifically, Regal Ware contends that the relief it seeks would only carve-out the Trademark Sublicense Agreement as non-assignable, leaving the remaining aspects of the sale in tact.

In the alternative, Regal Ware contends that if this appeal is moot, the Court should still vacate the Bankruptcy Court's Sale Order, because Appellees engaged in deliberate actions to render the appeal moot by consummating the assignment of the Trademark Sublicense Agreement. Should the Court proceed to the merits of the appeal, Regal Ware contends that the Bankruptcy Court erred in holding that the Trademark Sublicense Agreement was freely assignable. Specifically, Regal Ware contends that the Sublicense Agreement falls within the exception outlined in Section 365(c)(1) of the Bankruptcy Code, because trademark law

4

precludes the assignment of a trademark license without the consent of the non-debtor, affected party. In this regard, Regal Ware contends that the Trademark Sublicense Agreement is personal in nature and not assignable without its consent.

## II.  STANDARD OF REVIEW

The Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions de novo. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). In reviewing mixed questions of law and fact, the Court accepts the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (quoting Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. Baroda Hiss Inv., Inc. v. Telegroup Inc., 281 F.3d 133, 136 (3d Cir. 2002).

III. DISCUSSION

In <u>Krebs</u>, the Third Circuit addressed the sale of a franchise agreement by a debtor to a third party. In so doing, the court stated:

> Trademarks are property, and franchises are licenses to use such property. Thus, under [state] law, these franchises are interest in property, and as such are property of the estate under section 541. They are also covered by section 363, although the procedure for their transfer is delineated by section 365. Therefore, section 363(m) governs the sale of the franchises here, notwithstanding that section 365 applies to the particular mechanics of the conveyance.

141 F.3d at 498. Regal Ware acknowledges that <u>Krebs</u> and a line of cases following it have applied Section 363(m) to transactions labeled as "sales" of executory contracts even though those contracts have been assumed and assigned under Section 365. <u>See e.g.</u>, <u>L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs.)</u>, 209 F.3d 291 (3d Cir. 2000) (holding that like executory contracts, leases constituted property of the debtor's estate and could be sold pursuant to Sections 363(b) and 363(m)). Regal Ware also acknowledges that <u>Krebs</u> departs from <u>Joshua Slocum</u>; however, Regal Ware urges the Court to rely on <u>Joshua Slocum</u> and decline to follow the <u>Krebs</u> line of cases.

In <u>Krebs</u>, the court expressly distinguished <u>Joshua Slocum</u> recognizing that <u>Joshua Slocum</u> did not involve the sale of a lease, but rather the assumption and assignment of a lease. <u>Krebs</u>, 141 F.3d at 499. As the <u>Krebs</u> court explained:

6

> Although we found that the appeal [in Slocum] was not moot, Slocum does not control our decision here. There, the Trustee requested and received "authorization to assume and assign the Lease pursuant to 11 U.S.C. § 365." However, the Trustee never attempted to sell the Lease under section 363, and the parties conceded that section 363(m) did not apply in cases where the Trustee merely assigns a lease under section 365. Unlike Slocum, the bankruptcy judge in this case authorized both an assumption under section 365 and a subsequent sale under section 363. The bankruptcy court also conducted an auction for the purpose of selling the franchise under the rules implementing section 363, which state that "all sales not in the ordinary course of business may be by private sale or public auction." There is no parallel provision under section 365 or its companion. For all these reasons, Slocum does not foreclose our conclusion that the sale of the franchises is covered by section 363(m).

Id. (citations omitted). The Court concludes that this distinction applies here as well. In this case, as in Krebs, Bankruptcy Court authorization was sought and given for the sale of the Trademark Sublicense Agreement pursuant to Section 363(b) and (m). Accordingly, the Court concludes that Joshua Slocum is not controlling here, and Section 363(m) is appropriately applied to the sale of the Trademark Sublicense Agreement.

In pertinent part, Section 363(m) provides:

> The reversal of modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of the a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of that appeal, unless such authorization and such sale or lease were stayed pending appeal.

7

However, Section 363(m) does not render an appeal <u>per se</u> moot. <u>Krebs</u>, 141 F.3d at 499. Rather, the Third Circuit utilizes a two-pronged test for determining statutory mootness. <u>Id.</u> Specifically, an appeal is considered statutorily moot if "(1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." <u>Id.</u>

It is undisputed that both this Court and the Bankruptcy Court rejected Regal Ware's attempts to stay the Sale Order pending appeal. Thus, the Court must determine whether a reversal or modification of the Sale Order would affect the validity of the sale. This inquiry requires the Court to examine the remedies requested by Regal Ware and determine "whether a remedy can be fashioned that will not affect the validity of the sale." <u>Id.</u>

Regal Ware contends that because the Purchase Agreement provides a "carve-out" for the Trademark Sublicense Agreement, the reversal of the Sale Order would not affect the overall sale of the WearEver business. The Court has considered Regal Ware's argument and finds it unpersuasive. The sale has already closed, payment has been made to the Debtor, and the relief Regal Ware seeks, i.e. an order reversing the Trademark Conveyance or vacating the Sale Order, would necessarily impact the validity of

the sale and the Trademark Conveyance.[1]  Further, SEB has represented to the Court that it has taken significant steps to implement the terms of the Sale Order and the Trademark Conveyance, including continuation of the retail sale of Regal products at Wal-Mart, distribution procedures to fulfill its commitments to Wal-Mart, payment of more than %1.5 million to Wal-Mart for lost sales/margin due to product supply interruptions since the acquisition, and reimbursement of Regal Ware for legal expenses arising out of the protection of the Trademarks.  In these circumstances, the Court cannot conclude that the validity of the sale will not be affected.

Moreover, the Court notes that the purpose of Section 363(m) is to encourage the finality of bankruptcy court orders and prevent harmful effects on the bidding process.  Krebs, 141 F.3d at 500.  The Court's conclusion here is consistent with these goals and prevents discouraging good faith purchasers like SEB from participating in auctions related to a bankrupt estate.  Accordingly, the Court concludes that this appeal is statutorily

---

[1] See Operating Tel. Co. Subsidiaries of Verizon Communications, Inc. v. Net2000 Communications, Inc. (In re Net 2000 Communications, Inc.), 2004 WL 2346148, * 2 (D. Del. Oct. 5, 2004) (holding that validity of sale would be affected where settlement was approved and the debtors' assets were transferred free and clear of all liens); Morgan v. Polaroid Corp. (In re Polaroid Corp.), 2004 WL 253479, * 1 (D. Del. Feb. 9, 2004); High River Ltd. P'ship v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 2002 WL 500569, *1 (D. Del. Mar. 26, 2002).

moot under Section 363(m) of the Bankruptcy Code, and therefore, the Court will grant the Debtors' Motion.

## IV. CONCLUSION

For the reasons discussed, the Court will grant the Debtors' Motion To Dismiss.

An appropriate Order will be entered.